Filed 10/27/20  P. v. Moss CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SPENCER MOSS,<br><br>    Defendant and Appellant. | F077899<br><br>(Super. Ct. No. 07CM7347HTA)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kings County.  Donna L. Tarter, Judge.

Rudy Kraft, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Michael P. Farrell, Assistant Attorney General, Daniel B. Bernstein and Kathryn L. Althizer, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Detjen, Acting P.J., Franson, J. and Meehan, J.

Spencer Moss (defendant) appeals from an extension of his commitment, pursuant to Penal Code section 2970, as a mentally disordered offender (MDO).[1] We will dismiss the appeal as moot.

## PROCEDURAL HISTORY[2]

In 2002, following his commitment to prison for conviction of a non-MDO-qualifying offense, defendant was convicted of two counts of escape by force or violence. (§ 4532, subd. (b)(2).) In 2008, he was convicted of four counts of assault by a prisoner on a nonprisoner. (§ 4501.5.)

On July 2, 2014, defendant was admitted to the State Department of State Hospitals as an MDO. (§ 2962.) On February 9, 2017, the Kings County District Attorney filed a petition to extend the commitment. (§ 2970.) On June 12, 2017, following a jury trial, the petition was granted, and defendant's commitment was extended for one year.

On February 1, 2018, the Kings County District Attorney filed a petition to extend the commitment. (§ 2970.) Defendant subsequently waived his right to a jury trial. On July 23, 2018, following a court trial, the petition was granted, and defendant's commitment was extended for one year. Defendant appealed from this extension, which is the subject of the appeal currently before us.

## DISCUSSION

At trial, the People called defendant as their first witness. Neither defendant nor defense counsel objected, and defendant testified as requested.

In his opening brief, defendant contended the trial court illegally allowed the People to call him as a witness; and if the issue was forfeited due to the absence of an objection, then defendant received ineffective assistance of counsel. Before his appeal

---

[1]     All statutory references are to the Penal Code.

[2]     In light of our conclusion the appeal is moot, we need not summarize the facts.

could be heard, however, his MDO commitment was again extended. As a result, we asked the parties to brief the issue whether the current appeal is moot.

"A case becomes moot when a court ruling can have no practical effect or cannot provide the parties with effective relief. [Citation.] By the nature of MDO proceedings, in which a new commitment order must be sought every year, issues arising in such proceedings can most often not be decided on appeal quickly enough to provide any relief to the person committed. That is the case here. . . . A reversal of [defendant's July 2018] commitment order would have no effect on the [current commitment extension]." (*People v. Dunley* (2016) 247 Cal.App.4th 1438, 1445, fn. omitted.) Nevertheless, an appellate court has " 'inherent power to retain the matter, even if it is technically moot. [Citations.]' [Citation.]" (*People v. Alsafar* (2017) 8 Cal.App.5th 880, 886.) Such power is often exercised when the appellant raises an issue that is "of 'important and of continuing interest' [and] is also one capable of repetition, but evading review. [Citations.]" (*Ibid.*)

The parties agree the present appeal is moot. With commendable candor, appellate counsel declines to argue the exception to the mootness doctrine for issues that are of public importance or likely to recur, should apply. He takes the position, however, that as a matter of principle, defendant is entitled to have his appeal heard on the merits, and a system that routinely denies MDO's that opportunity effectively deprives them of due process. Accordingly, he asks us to adopt a policy of always addressing such appeals on their merits.

We decline to do so. The due process rights of appellants in MDO cases are adequately protected by consideration of applicability of the mootness doctrine and the exceptions thereto on a case-by-case basis. This is particularly true in the present case where, even assuming we could afford defendant some sort of relief, he has not shown it is warranted.

3.

It appears settled that an MDO committee cannot be *compelled* to testify as a witness for the People. (*People v. Alsafar*, *supra*, 8 Cal.App.5th at p. 887; *People v. Dunley*, *supra*, 247 Cal.App.4th at pp. 1447-1450; see *Hudec v. Superior Court* (2015) 60 Cal.4th 815, 826; *People v. Curlee* (2015) 237 Cal.App.4th 709, 716-721.) This is a statutory right, however (*People v. Dunley*, *supra*, 247 Cal.App.4th at p. 1446; see *Hudec v. Superior Court*, *supra*, 60 Cal.4th at p. 826), and we see no reason not to apply the general rule that a right may be forfeited if it is not asserted in a timely manner. (*In re Sheena K.* (2007) 40 Cal.4th 875, 880-881; cf. *Hudec v. Superior Court*, *supra*, 60 Cal.4th at pp. 818-819; *People v. Alsafar*, *supra*, 8 Cal.App.5th at p. 883.) Neither defendant nor defense counsel asserted the right at trial.

This leaves defendant's claim of ineffective assistance of counsel. The burden of proving ineffective assistance of counsel is on the defendant. (*People v. Pope* (1979) 23 Cal.3d 412, 425, overruled on another ground in *People v. Berryman* (1993) 6 Cal.4th 1048, 1081, fn. 10.) "To secure reversal of a conviction upon the ground of ineffective assistance of counsel under either the state or federal Constitution, a defendant must establish (1) that defense counsel's performance fell below an objective standard of reasonableness, i.e., that counsel's performance did not meet the standard to be expected of a reasonably competent attorney, and (2) that there is a reasonable probability that defendant would have obtained a more favorable result absent counsel's shortcomings. [Citations.] 'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' [Citations.]" (*People v. Cunningham* (2001) 25 Cal.4th 926, 1003; see generally *Strickland v. Washington* (1984) 466 U.S. 668, 687-694.) "If the record contains no explanation for the challenged behavior, an appellate court will reject the claim of ineffective assistance 'unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation.' [Citation.]" (*People v. Kipp* (1998) 18 Cal.4th 349, 367.)

In the present case, the record neither contains an explanation for counsel's failure to object nor affirmatively precludes the existence of a satisfactory explanation. For all we know, defendant may well have wanted to testify — as was his right — and defense counsel reasonably may have perceived no significant difference, in terms of how defendant would testify and the effect of that testimony on the outcome of the trial, between whether the testimony was presented in the People's case or in the defense case.

In an attempt to demonstrate prejudice, defendant cites this court's opinion in *People v. Haynie* (2004) 116 Cal.App.4th 1224, in which we stated: "By calling the person in its case-in-chief, the state is essentially saying that his or her testimony is necessary for the state to prove its case. We have no doubt that a committee so *compelled* to testify is prejudiced under these circumstances. The California Supreme Court noted in *Cramer v. Tyars* (1979) 23 Cal.3d 131 that permitted the jury to observe the person sought to be committed and to hear him speak and respond provided 'the most reliable proof and probative indicator of the person's present mental condition.' (*Id*. at p. 139.) As such, we cannot conclude that *compelling* Haynie to testify, even if his testimony was in some regards cumulative to that of other witnesses, was harmless error." (*Id*. at p. 1230, italics added.)

*Haynie* does not assist defendant, because it involved true compulsion: the People called defendant as a witness in their case-in-chief over defense objection. (*People v. Haynie, supra*, 116 Cal.App.4th at p. 1227.) The record before us does not establish compulsion. Assuming defendant testified voluntarily — an assumption which the record does not preclude — his testimony may well have been the same, for all intents and purposes, whether he testified under questioning by the prosecutor or by defense counsel.

## DISPOSITION

The appeal is dismissed as moot.

5.